

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 27, 1961

Honorable P. Frank Lake
Secretary of State
Austin, Texas

Opinion No. WW-1080

Re: Whether bonuses received
by a corporation as
consideration for the
execution of mineral
leases constitute surplus
for purposes of calcu-
lating the franchise
tax levied by Chapter
12 of Title 122A,

Dear Mr. Lake:                   Vernon's Civil Statutes.

          Your office has requested an opinion as to
whether bonuses received by a corporation as considera-
tion for the execution of mineral leases constitute
surplus for purposes of calculating the franchise tax
levied by Chapter 12 of Title 122A, Vernon's Civil
Statutes. You have informed us that these bonuses
constitute more than 90 per cent of the receipts of the
corporation in question, and that the corporation con-
tends that they should be treated as a deferred credit
pending a final determination of the nature of these
receipts.

          More particularly, the corporation contends
as follows: The mineral interests owned by the corpora-
tion and constituting the subject of the leases in
question are thus far nonproducing and thus unproven.
If these interests prove productive, the bonuses already
received will be treated as an advance royalty, con-
stituting income. If not, upon reversion of the leases
to the corporation the bonuses (after Federal income
taxes) should be treated as reimbursement to the corpora-
tion for damage to its now condemned mineral interests,
to be credited against the cost of those interests, thus
reducing the amount of such cost required to be written
off by the corporation. Consequently, the corporation
argues, the bonuses should properly be carried as a
deferred credit until the contingencies just set forth
have been resolved; so carried they would not constitute
income and thus could not constitute surplus.

There are undoubtedly good reasons why the accounting treatment of these bonuses by the corporation should be as the corporation contends, an objective of accounting being to provide an accurate matching of cost and income. The objective of applying the franchise tax statutes, however, is to effectuate the intent of the Legislature, which was to levy a tax for the privilege of doing business in Texas "commensurate with the value of the privilege granted . . . ." United North & South Development Co. v. Heath, 78 S.W.2d 650 (Civ. App. Austin, 1934), err. ref. This application therefore is bound neither by the technical usages of the terms of the statute (including the term "surplus") ordinarily employed in accounting, nor by the treatment afforded an item by the taxpayer corporation on its books. United North & South Development Co. v. Heath, supra; Fulghaim v. Gulf, Colorado & Santa Fe Railway, 288 S.W.2d 811 (Civ.App. Austin, 1956), ref. n.r.e. It was intended, for example, that the State

> "look to the property owned by
> the corporation and available
> to it, for use during the
> ensuing year in carrying on its
> business . . .",

regardless of how the items in question should have been or were in fact recorded by the company for its own purposes, since such property is an important determinant of the value to the company of its privilege of doing business in Texas.

In the present case the amount of the bonuses in question has been received by the corporation, and from the time of receipt has been available to the corporation for its exclusive use and control. Accordingly it is our opinion that such bonuses constitute surplus, as that term is used in Chapter 12 of Title 122A, Vernon's Civil Statutes. The fact just noted we feel is sufficient to distinguish this case from that of unrealized profits from installment sales, which we have held not includable within surplus or undivided profits for franchise tax purposes. Attorney General's Opinion of April 30, 1934, Book 335, p. 952; Attorney General's Opinion No. V-774 (1949).

## SUMMARY

Bonuses received by a corporation as consideration
for the execution of mineral
leases constitute surplus
for the purposes of calculating the franchise tax levied
by Chapter 12 of Title 122A,
Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Lawrence Hargrove
Assistant

LH:lgh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marvin Brown, Jr.
B. H. Timmins, Jr.
Houghton Brownlee

REVIEWED FOR ATTORNEY GENERAL
BY: Morgan Nesbitt